**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:19-cr-0069 |
| ) | |
| **COURTNEY MATTHIAS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

    **BEFORE THE COURT** is the motion of Courtney Matthias ("Matthias") to Allow Appearance via Videoconference if an In-person Sentencing Cannot be Conducted, filed September 30, 2020. (ECF No. 48.) For the reasons stated below, the Court will grant Matthias' motion.

    On October 31, 2019, the United States filed a two-count information charging Matthias with bringing in and harboring certain aliens. Thereafter, on March 9, 2020, the Court accepted Matthias' plea of guilty to count one in the information. Matthias' sentencing hearing was originally scheduled for August 13, 2020, but was later continued multiple times for various reasons. Matthias' sentencing hearing is currently set for January 7, 2021.

    On September 30, 2020, Matthias filed a motion requesting the Court to enter an order authorizing Matthias to attend the sentencing hearing in this matter by videoconference if an in-person hearing is not possible. The United States has not responded to Matthias' request to conduct the sentencing by videoconference.

    Federal Rule of Criminal Procedure 43 requires that a "defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). Nevertheless, in light of the COVID-19 pandemic, Congress recently provided certain circumstances under which a sentencing may be conducted by videoconference. On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act authorizes district courts to use videoconferencing to hold felony sentencings under

appropriate circumstances and with the consent of the defendant after consultation with counsel. *See* CARES Act, § 15002(b)(2), H.R. 748, 248-49; *id.* § 15002 (b)(4) ("Video teleconferencing . . . authorized under paragraph . . . (2) may only take place with the consent of the defendant . . . after consultation with counsel."). Specifically, the following three conditions must be met: (1) the Judicial Conference of the United States must "find[] that emergency conditions due to the national emergency declared by the President . . . with respect to the [COVID-19] will materially affect the functioning of [] the Federal courts generally;" (2) the chief judge of a district court covered by that finding must "specifically find[] . . . that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety;" and (3) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *See id.* § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that emergency conditions due to the national emergency declared by the President with respect to COVID-19 have materially affected and will materially affect the function of the federal courts generally.

On April 9, 2020, the Chief Judge of the District Court of the Virgin Islands entered a third general order responding to the COVID-19 pandemic ("CARES Act order"). In that order, the Chief Judge found that felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this judicial district without seriously jeopardizing public health and safety. As such, the April 9, 2020 Order authorized the use of videoconferencing to conduct felony sentencings for a period of 90 days. On July 8, 2020, October 6, 2020, and January 4, 2021, the Chief Judge extended the initial CARES Act order, each time for another 90-day period unless terminated earlier. The current order extends the authorization until April 4, 2021.

Matthias asserts that he has been informed of his right to be physically present at his sentencing. He affirms that, "[a]fter consulting with counsel, he has agreed to waive his right

to be present and agrees to appear via videoconference at his sentencing hearing . . . ." (ECF No. 48 at 3.)

Matthias requests that the Court make a finding that the sentencing hearing in this matter cannot be further delayed without serious harm to the interests of justice. Matthias' sentencing has thus far been continued five times. Matthias asserts that he has been detained since March 9, 2020, for this matter. As such, he has been detained for almost ten (10) months to date. Matthias represents that the "[presentence report ("PSR")] reports a guideline range of 15 to 21 months." *Id.* at 2. Matthias argues that he qualifies for consideration for release to home confinement as a "non-violent" offender who "pose[s] minimal likelihood of recidivism" and who has served over half of his sentence. *Id.* at 2-3. Matthias further contends that the Bureau of Prisons ("BOP") cannot consider him for home confinement pursuant to its authority under 18 U.S.C. § 3624(c)(2) and the CARES Act until he has been sentenced in this matter. Based on the amount of time he has already served, his offense of conviction, and several health issues, Matthias argues that the BOP could determine that he is immediately eligible for home confinement. Given these circumstances, Matthias argues that a delay in sentencing would result in serious harm to the interests of justice.

Since the enactment of the CARES Act, most district courts have found that serious harm to the interests of justice exists when delay risks harm to a defendant's due process rights by, for example, forcing a defendant to serve greater time in custody than the guideline range would recommend for his offense. *Cf. United States v. Short*, No. 3:15-CR-0174, 2020 U.S. Dist. LEXIS 72509 (D. Conn. Apr. 24, 2020); *United States v. Collazo*, No. 2:19-00120, 2020 U.S. Dist. LEXIS 67949 (S.D.W.V. Apr. 17, 2020); *United States v. Emory*, No. 19-00109 JAO, 2020 U.S. Dist. LEXIS 66148 (D. Haw. Apr. 13, 2020); *United States v. Jones*, No. 19-225, 2020 U.S. Dist. LEXIS 58149 (D. Minn. Apr. 2, 2020); *United States v. Harry*, No. 19-cr-535, 2020 U.S. Dist. LEXIS 56323 (E.D.N.Y. Mar. 31, 2020).

Here, while Matthias has not yet served the minimum term of the guideline range, a delay in the sentencing hearing will result in a delay of the BOP's consideration of Matthias for home confinement. As such, Matthias will not be eligible for any release consideration

until this Court sentences him. Similar to forcing a defendant to serve greater time in custody than recommended for his offense, delaying the sentencing hearing in this matter would leave Matthias in a state of limbo—where the BOP cannot consider him for home confinement because he has not yet been sentenced by this Court.

Moreover, the number of COVID-19 cases in the Virgin Islands has increased significantly over the last five weeks. This recent spike has caused the Court to pause its resumption of normal operations. As such, it may be a significant time before the Court can safely resume in-person proceedings. In the meantime, the backlog of cases and hearings delayed continues to rise. Given these circumstances, the Court concludes that the sentencing hearing in this matter cannot be further delayed without serious harm to the interests of justice. *See, e.g., United States v. Hernandez,* 2020 WL 2850222, at *3 (C.D. Cal. June 1, 2020) (concluding that the sentencing hearing could not be further delayed without serious harm to the interests of justice because delay "would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume"); *United States v. Soe*, 2020 WL 3483588, at *3 (C.D. Cal. June 25, 2020) (same).

The premises considered, it is hereby

**ORDERED** that Matthias' motion, ECF No. 48, to conduct the sentencing in this matter by videoconference is **GRANTED**; and it is further

**ORDERED** that the public may access the audio of the videoconference proceedings in this matter by calling 1-888-251-2909 and entering access code 5157509#**.**

**Date:** January 5, 2021               */s/ Robert A. Molloy*
                                        **ROBERT A. MOLLOY**
                                        **District Judge**